OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Respondents, former customers of petitioner Kidder, Peabody & Co., Inc., commenced arbitration proceedings before the American Arbitration Association (AAA) complaining about petitioner’s conduct, between 1988 and 1990, in recommending investments in certain limited partnerships. There are no written predispute agreements to arbitrate between petitioner and respondents but, as a member of the American Stock Exchange (AMEX), petitioner is required to participate if a customer elects to arbitrate (see, AMEX const, art VIII, § 1). Respondents’ choice of forum was based on a provision in the AMEX constitution, referred to as the AMEX window, which gives customers of member firms the right to arbitrate their disputes before the AAA (see, AMEX const, art VIII, § 2 [c]).
*845 Petitioner brought these proceedings to stay arbitration on the ground that respondents’ claims which arose more than six years prior to the demand for arbitration are ineligible for arbitration pursuant to rule 605 (a) of the AMEX Arbitration Rules. Contending that the six-year eligibility requirement stated in rule 605 (a) is a substantive rather than a procedural rule, petitioner argues that it remains applicable even in AMEX window arbitrations.
Petitioner’s reliance on rule 605 (a) is misplaced. While the AMEX window, permitting a customer to opt out of an AMEX arbitration, is found in the AMEX constitution, rule 605 (a) is, indisputably, part of a set of rules expressly applicable only to arbitration in the AMEX arbitration forum (see, AMEX const, art VIII, § 3). Thus, whether rule 605 (a) is considered purely procedural, or rather a substantive rule of eligibility for arbitration, it is in either event only applicable to the AMEX arbitral forum and not to arbitration before the AAA.
Petitioner’s remaining arguments, including its reliance on rule 619 of the AMEX Rules, are without merit.
Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
Order affirmed, with costs, in a memorandum.